DECISION
Plaintiff appeals the 50 percent penalty Defendant imposed for the 2003-04 through 2007-08 tax years for failure to file personal property returns associated with his business. Trial was held January 14, 2009. Plaintiff was represented by Christopher D. Wright (Wright), Attorney at Law.[1] Defendant was represented by Brad Anderson, Senior Assistant County Counsel, Washington County. Plaintiff testified on his own behalf. Also testifying for Plaintiff was Jan Foley (Foley), office manager, Lewis, Hertler and Magilke. Melissa Williams (Williams), Personal Property Auditor, Washington County Assessor's office, testified for Defendant.
 I. STATEMENT OF FACTS
Prior to December 2002, Plaintiff, a physician, worked with a group of physicians in Multnomah County. Each physician owned his own business and operated as an independent LLC. Collectively the group was known as Lewis, Hertler and Magilke. Jan Foley was the office manager for Lewis, Hertler and Magilke. Each physician personally owned some personal property used in connection with his or her business (e.g., stethoscope, examination and surgical tools). Other personal property was owned collectively by the group, which shared in its use *Page 2 
(e.g., office furniture, phone and computer systems). According to the uncontroverted testimony, Plaintiffs own personal property used by him in his Multnomah County medical practice had a value of less than $10,000.
The physician group filed annual personal property tax returns with the Multnomah County Assessor. As the court understands it, Foley provided information on the equipment to the groups' certified public accountant (CPA), Carol Stearns (Stearns). Stearns prepared a combined personal property return each year that was filed with the assessor. Plaintiff never reviewed or signed those returns and was never given copies. When the annual tax bill arrived, Foley allocated the tax in some manner between the three physicians, and the tax was paid by three separate checks, one of which was drawn against Plaintiffs account. Plaintiff signed at least some of those checks, although Foley testified that she had check signing authority and may have signed some of the checks herself. Plaintiff testified that he signed a lot of checks and that he was not aware that he was signing checks for personal property taxes.
Plaintiff moved to Washington County in December 2002. Plaintiff took his own business-related personal property with him to his new business in Washington County, but did not take any of the jointly owned property used in his former practice in Multnomah County. Plaintiff bought additional equipment for his practice when he moved to Washington County.
Foley did not forward Plaintiff a copy of the 2003 Multnomah County return associated with Plaintiffs former practice. Plaintiff was not notified by the Washington County Assessor's office that he was required to file a personal property return in 2003. Plaintiff did not file a personal property return in 2003, 2004, 2005, 2006, or 2007. Plaintiff acquired some new property for his business in 2007, and Wright, who has been Plaintiffs CPA and attorney since 1998, prepared and filed for Plaintiff a personal property return with the Washington County *Page 3 
Assessor's office for property owned on January 1, 2008 (2008-09 tax year). That return was filed March 25, 2008.
Defendant had no account for Plaintiffs taxable personal property and was not aware that Plaintiff was operating a business in Washington County. Defendant does make some effort to locate businesses by, among other things, working through the Secretary of State's office, contacting property management companies, and researching new business licenses. Plaintiffs business was not located by those means. Instead, the filing of the tax year 2008-09 return made Defendant aware of Plaintiff s business and prompted Defendant to audit Plaintiff. Williams then contacted Plaintiff to discuss the property he owned and when he began operating his business. At some point, Plaintiff referred Williams to Wright. Williams' audit eventually resulted in an omitted property assessment covering tax years 2003-04 through 2007-08. The assessment included a penalty equal to 50 percent of the tax due for the years at issue. The total amount of the assessment was $12,844.72, and included penalties in the amount of $4281.58. Plaintiff does not object to paying the tax, but does seek a waiver of the penalty.
 II. ANALYSIS
The property at issue is used by Plaintiff in his medical practice and is legally subject to tax because it is tangible personal property used for the production of income. See generally ORS 307.030 and ORS 307.190.[2]
ORS 308.290(1)(a) requires every person or business that owns "taxable personal property [to] make a return of the property for ad valorem tax purposes to the assessor of the county in which the property has its situs for taxation" by March 1 of each year. If a party fails *Page 4 
to file a required return by the March 1 annual deadline, it "shall be jointly and severally subject to the provisions of ORS 308.296."Id.
ORS 308.296(4) provides for a penalty of 50 percent of the tax where a taxpayer fails to file a return. Defendant added the value of Plaintiff's previously untaxed personal property to the assessment and tax rolls as omitted property pursuant to the provisions of ORS 311.216 through ORS311.229. Specifically, ORS 311.216(1) requires the assessor to add to the rolls the value and taxes of any property previously omitted from the rolls "for any year or years not exceeding five years prior to the last certified roll." In accordance with ORS 311.223(2)(b) and ORS 308.296(4), Defendant imposed a 50 percent penalty against Plaintiff for tax years 2003-04 through 2007-08 as part of its omitted property assessment. Appeal of that penalty to the Tax Court is authorized by ORS 311.223(4).
The Tax Court has the authority to "waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.422. That statute does not include a definition for the term "good and sufficient cause."
Plaintiff argues that the penalty should be waived because the failure to file the returns was not intentional (Plaintiff being unaware of the requirement) and Plaintiff voluntarily filed a return (in 2008) when he became aware a return was required. Plaintiff further contends that imposition of the penalty violates the constitutional requirement of due process because there was no county notice of the tax, and the tax is one not commonly known of by small-business owners. Finally, Plaintiff contends that the penalty discourages honesty, in that taxpayers who ultimately voluntarily file returns are subjected to the penalty while those who fail to do so go undetected and avoid the penalty. *Page 5 
Plaintiff's first argument fails for lack of good and sufficient cause. In accordance with a long line of prior cases by this court, this court relies on the definition of "good and sufficient cause" found in ORS 305.288. X-Ray Industries, Inc. v. Clackamas County Assessor, TC-MD No 060656E, WL 3491162 *1 (Nov 29, 2006) (citing Harold L. Center ProLand Survey v. Jackson County Assessor, TC-MD No 020069C at 4, WL 1591918 (July 18, 2002). The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Under the facts of this case, Plaintiff's failure to file was not due to "extraordinary circumstances" that were beyond the control of both himself and his CPA/attorney, as provided in ORS 305.288(5)(b)(A), but rather was due to "inadvertence, oversight, [or] lack of knowledge," as provided in paragraph (B) of that statute set forth above. Inadvertance, oversight, and lack of knowledge are all excluded from the definition of good and sufficient cause.
Plaintiff's due process argument fails because the reason Plaintiff did not receive a blank personal property tax form to complete and submit to the assessor's office was because Plaintiff failed to notify the assessor or tax collector of his change of address from Multnomah to Washington County. Property owners are required by ORS 311.555 to keep the tax collector informed of their "true and correct address" and, under ORS 308.212, to notify the assessor of any change of address within 30 days of the date of the change. The tax collector then has an *Page 6 
obligation to "note upon the tax roll * * * the true and correct address of each person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector." ORS 311.560.
Without a taxpayer's notification of change of address, the assessor will often be unaware of the existence of new business. Taxpayers are "presumed to the law." Photo Solutions, Inc. v. Columbia County Assessor, TC-MD No 070592C, WL 2576696 *3 (2007) (citations omitted). In that case, the court stated "[t]hat is an old adage which, in actuality, means that "citizens are presumed to know the obligations that the law imposes on them, [although they need] not [know] "every word of every law passed."'" Winters v. County of Clatsop, 210 Or App 417, 424 n. 4,150 P3d 1104 (2007) (citing Bibeau v. Pacific Northwest ResearchFoundation, 188 F3d at 1105, 1110-11 (9th Cir 1999))." Photo Solutions, WL 2576696 *2. The Oregon Supreme Court has stated that, "every citizen "is presumed to have known that his land [i]s taxable, that in due course it would be assessed, a tax levy extended against it, * * * [and] that it was his duty to timely pay his taxes[.]'" Hood River County v. Dabney, 246 Or 14, 28, 423 P2d 954 (1967) (citation omitted). The assessor is legally required to mail blank forms for the required personal property returns, but the statute further provides that "failure to receive or secure the form does not relieve the person, managing agent or officer from the obligation of making any return required by this section." ORS308.290(2)(c).
Finally, Plaintiff's argument that honest taxpayers are punished for coming forward and filing returns when they discover their responsibility, whereas those who remain ignorant (or otherwise ignore the law) may evade both the tax and the significant penalty, is a policy argument that is better directed to the legislature. The court cannot write the law, but can only *Page 7 
interpret the laws written and passed by the legislature. The court offers no opinion as to the merit of such an argument.
This case is very similar factually to Photo Solutions, a case where the taxpayer, owner of a small business, argued he "never received tax notices from the county, and his CPA never informed him of the tax or of the requirement to file a return each year." Photo Solutions, TC-MD No 070592C at 3. There, as here, the taxpayer did not prevail. This court has consistently held that a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty. See, e.g., Yip v.Clackamas County Assessor, TC-MD No 060641C (Oct 31, 2006) (finding that plaintiff's "[L]ack of knowledge of the filing requirement brings him outside the definition of good and sufficient cause, and precludes him from relief under ORS 305.422."); see also Cup of Joe v. Coos CountyAssessor, TC-MD No 060048E (Apr 6, 2006) (holding that the request for waiver of a personal property tax penalty was denied because the taxpayer was unaware that business personal property is taxable). Further, lack of knowledge of a taxpayer's agent does not permit the court to waive penalties when a taxpayer relies on a professional who, in turn, does not know the law, or who knew the law, but failed to notify a taxpayer of the filing requirement. Camrock Excavation, Inc. v.Multnomah County Assessor, TC-MD No 070464D (June 18, 2007) (holding that the lack of knowledge of plaintiff's professional advisors did not constitute good and sufficient cause for failing to file the required personal property tax returns).
As a final matter, the law does allow a taxpayer to make application to the assessor for waiver of the liability for property tax late filing penalties under certain statutorily enumerated circumstances. ORS308.295(7). The court, however, has no similar authority. *Page 8 
 III. CONCLUSION
The court concludes that Plaintiffs request for waiver of the 50 percent late filing penalty imposed as part of an omitted property assessment, because Plaintiff failed to file personal property tax returns for five years, cannot be waived because Plaintiff has not established good and sufficient cause for his failure to file those returns. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this______ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 13,2009. The Court filed and entered this document on February 13, 2009.
[1] Wright is also Plaintiff's certified public accountant.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1